Filed 11/5/24  P. v. Garcia CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CARLOS GARCIA,<br><br>    Defendant and Appellant. | B331693<br><br>(Los Angeles County<br>Super. Ct. No. BA428369) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Affirmed.

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Sophia A. Lecky, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted Carlos Garcia of attempted willful, deliberate, and premeditated murder, possession of a firearm by a felon, and assault with a firearm and found true related gang, firearm, and great bodily injury allegations. The trial court sentenced Garcia to an aggregate prison term of 60 years to life. We affirmed.

Garcia filed a petition for writ of habeas corpus. The superior court issued an order to show cause on three of Garcia's eight habeas claims: His appellate counsel in his direct appeal was ineffective for failing to argue (1) the evidence the People presented to prove the gang allegation violated the Confrontation Clause of the United States Constitution, (2) substantial evidence did not support the true finding on the gang allegation, and (3) Garcia was entitled to resentencing under recent legislation authorizing courts to strike firearm enhancements under Penal Code section 12022.53, subdivision (h).[1] At the hearing on the petition the People moved to dismiss the gang enhancements and conceded Garcia was entitled to have the superior court exercise its discretion whether to strike the firearm enhancements. The court granted the People's motion to dismiss the gang enhancements and accepted the People's concession. So far, so good.

---

[1] Undesignated statutory references are to the Penal Code. Section 12022.53, subdivision (h), which the Legislature amended effective January 2018, authorizes the superior court "in the interest of justice pursuant to Section 1385 and at the time of sentencing" to strike or dismiss an enhancement under section 12022.53.

But Garcia also asked at the hearing for relief he had not requested in his habeas petition. In particular, he asked the court (1) to reverse his attempted murder conviction and require the People to retry the attempted murder charge without presenting any gang evidence and (2) to strike the jury's finding the attempted murder was willful, deliberate, and premeditated. The superior denied both requests, struck most of the firearm enhancements, and resentenced Garcia to an aggregate prison term of 18 years to life.

Garcia argues the court abused its discretion in denying the two additional, unpleaded requests for relief. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Early one morning in August 2014, while walking down the street with an associate, Garcia fired two shots at Craig McMullen. McMullen stumbled before collapsing. He was in a coma for several days, but survived.

At trial, McMullen testified he was riding his bicycle when he felt two bullets hit him from behind. McMullen turned and saw Garcia, who was holding a pistol, look at him as he gave the pistol to his companion. The companion put the pistol into his backpack, and both men ran off. McMullen got off his bike, limped down the sidewalk, and collapsed.

The People also presented evidence that signals from Garcia's cellphone at the time of the attack placed the phone near the shooting. A gang expert testified that Garcia was a member of a clique of a criminal street gang, that the gang's primary activities included murder and other felonies, that gang members committed crimes to demonstrate their loyalty to the gang and

3

earned tattoos for such "'work,'" and that Garcia had two "gang-related" tattoos, which he told police officers he earned while incarcerated. (*People v. Garcia* (Nov. 27, 2017, B275591) [nonpub. opn.].)

The jury convicted Garcia of attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664, subd. (a)), possession of a firearm by a felon (§ 29800, subd. (a)(1)), and assault with a firearm (§ 245, subd. (a)(2)). The jury found true allegations Garcia committed the offenses for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further or assist in criminal conduct by gang members, within the meaning of section 186.22, subdivision (b)(1)(C); personally and intentionally discharged a firearm causing great bodily injury or death, within the meaning of section 12022.53, subdivisions (b) through (d)); personally used and discharged a firearm in committing a felony, within the meaning of section 12022.5, subdivision (a); and personally inflicted great bodily injury, within the meaning of section 12022.7, subdivision (a). Garcia admitted that he had two prior serious or violent felony convictions, within the meaning of the three strikes law (§§ 667, subds. (b)-(j); 1170.12, subds. (a)-(d)), and that he served two prior prison terms, within the meaning of former section 667.5, subdivision (b). The trial court sentenced Garcia to an aggregate prison term of 60 years to life.

Garcia appealed, arguing that the prosecutor committed misconduct by withholding evidence McMullen had previously identified the person who was with Garcia at the shooting, that the gang expert's testimony about Garcia's tattoos violated Evidence Code section 1101, subdivision (a), and that Garcia's

4

trial counsel provided ineffective assistance in failing to move for a mistrial based on prosecutorial misconduct and failing to object to the gang expert's testimony. We affirmed the judgment. (*People v. Garcia*, *supra*, B275591.)

While Garcia's direct appeal was pending, the Supreme Court decided *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*), which held an expert may not "relate as true case-specific facts asserted in hearsay statements, unless they are independently proven by competent evidence or are covered by a hearsay exception." (*Id.* at p. 686.) Appellate counsel for Garcia never raised any issues based on *Sanchez*.

In June 2018 Garcia filed a petition for writ of habeas corpus, asserting eight grounds for relief. They were: (1) Garcia's appellate counsel was ineffective for not arguing there was "newly discovered evidence" the defense did not learn about until McMullen testified at trial he had previously identified Garcia's companion; (2) appellate counsel was ineffective for not arguing the trial court erred in imposing and staying execution of the one-year prior prison term enhancement under former section 667.5, subdivision (b); (3) appellate counsel was ineffective for not arguing the trial court erred in imposing and staying execution of sentences on the firearm enhancements under section 12022.53, subdivisions (b) and (c), and on the great bodily injury enhancement under section 12022.7, subdivision (a); (4) appellate counsel was ineffective for not arguing substantial evidence did not support the jury's finding on the "specific intent element for first degree attempted murder"; (5) appellate counsel was ineffective for not arguing that the gang expert's opinion Garcia was a member of a criminal street gang "was based on inadmissible testimonial hearsay"; (6) appellate counsel was

5

ineffective for not arguing substantial evidence did not support the true finding on the gang allegation under section 186.22, subdivision (b)(1); (7) Garcia's trial counsel was ineffective for not objecting under Evidence Code section 1101, subdivision (a), to the evidence Garcia earned his tattoos by committing crimes for his gang; and (8) appellate counsel was ineffective for not arguing Senate Bill No. 620, which gave trial courts discretion to strike certain firearm enhancements, applied retroactively to Garcia.[2]

The superior court issued an order to show cause on three of Garcia's habeas claims: whether (1) the court should resentence Garcia under Senate Bill No. 620 (claim 8) and whether appellate counsel was ineffective for not arguing (2) the trial court erred in allowing the People to introduce hearsay evidence now inadmissible under *Sanchez*, *supra*, 63 Cal.4th 665 and (3) "inadmissible hearsay evidence was used to support the section 186.22 gang allegation" (claims 5 and 6).[3] The court ordered the parties to brief "the admissibility of the expert testimony regarding the predicate offenses to support the gang allegation" and denied all remaining claims on the merits.

---

[2] Effective January 2018 Senate Bill No. 620 (2017-2018 Reg. Sess.) "amended section 12022.53, subdivision (h) by granting trial courts the discretion to strike formerly mandatory section 12022.53 enhancements." (*People v. McDavid* (2024) 15 Cal.5th 1015, 1021; see Stats. 2017, ch. 682, § 1.)

[3] The superior court's summary of claim 6 was inaccurate. As discussed, claim 6 was that appellate counsel was ineffective for failing to argue substantial evidence did not support the jury's finding on the gang allegation. This claim was based not on *Sanchez*, *supra*, 63 Cal.4th 665, but on the lack of evidence to show the crime was "'gang-related.'"

In January 2022 counsel for Garcia filed a memorandum of points and authorities on the admissibility of the gang expert's testimony about the predicate offenses to prove the gang allegation. Counsel argued that in *People v. Valencia* (2021) 11 Cal.5th 818 the Supreme Court held that *Sanchez* applied to testimony about predicate offenses and that the prosecution had proven the predicate offenses with inadmissible hearsay evidence. Counsel for Garcia also argued for the first time that Assembly Bill No. 333[4] applied to Garcia and that "the trial should be set aside" for the gang allegations to be tried separately from the underlying offense. Counsel for Garcia filed a supplemental memorandum of points and authorities arguing that, because Assembly Bill No. 333 redefined the requirements to prove the gang allegation, the superior court should strike the gang enhancement.

The People filed a return and argued Garcia had not shown ineffective assistance of trial or appellate counsel based on the "state of the law at the time of representation." The People stated, however, that "given the sweeping changes in the law regarding enhancements under . . . section 186.22," the People were moving to dismiss, in the interest of justice, the gang allegations. The People conceded Garcia was entitled to

---

[4]     Assembly Bill No. 333 (2021-2022 Reg. Sess.) amended "section 186.22 by imposing new substantive requirements relating to gang enhancements and the criminal offense of gang participation. [Citation.] Assembly Bill [No.] 333 also added section 1109, which provides that, if requested by the defense, a trial court must try a gang enhancement charge separately from the underlying offense." (*People v. Burgos* (2024) 16 Cal.5th 1, 7, fn. omitted; see § 1109, subd. (a); Stats. 2021, ch. 699, § 5.)

resentencing to allow the superior court to exercise its discretion whether to strike the firearm enhancements. Counsel for Garcia filed a traverse arguing that Assembly Bill No. 333 applied retroactively to Garcia and that, because the evidence at trial "was so intertwined with the gang evidence," the superior court should reverse Garcia's conviction and try the gang allegation in a bifurcated proceeding.

At the hearing on the habeas petition, the court granted relief on claim 8 and ruled that Senate Bill No. 620 applied to Garcia and that Garcia was entitled to have the court resentence him. The People, "considering the changes in the law," moved to dismiss the gang allegations under section 186.22, and the court granted the motion. The court reviewed the remaining convictions on which it would resentence Garcia: attempted willful, deliberate, and premeditated murder, with related firearm and great bodily injury enhancements; possession of a firearm by a felon; and assault with a firearm, also with related firearm and great bodily injury enhancements. When asked about an "appropriate sentence," counsel for Garcia said that the court should "reverse" and "set aside" the attempted murder conviction because, in counsel's view, the gang expert's testimony "affected the trial itself" and not just the gang enhancement, and that appellate counsel's failure to argue the trial court's error in admitting the gang evidence "may have affected the whole appeal process." The prosecutor argued that the only evidence the gang expert presented in violation of *Sanchez, supra,* 63 Cal.4th 665 concerned the two predicate offenses and that the other gang evidence was based on the expert's personal knowledge.

The court stated that, "notwithstanding the [gang] enhancement," the "gang evidence probably would have been

8

admissible at trial because it went to several other issues regarding possible motive, possible identity, and the like." The prosecutor argued that the court should focus on the "specific objection" Garcia made in his "habeas petition, which was as to the admissibility of the predicate evidence" and that, even if evidence on the predicate acts were inadmissible under *Sanchez*, "the other gang evidence" was "independently admissible."

The superior court asked counsel for Garcia how the court could grant relief on a claim Garcia had not made in his habeas petition. Counsel for Garcia stated that he briefed the issue of ineffective assistance of appellate counsel (in response to the court's request) and that, if appellate counsel had argued in Garcia's direct appeal the trial court admitted gang evidence in violation of *Sanchez*, this court would have agreed. Counsel for Garcia stated: "But then you have a conviction where the jury heard all this" gang evidence, which (counsel argued) "infected" the jury's verdict. The superior court said it was inclined to rule that the trial court did not err in admitting the gang evidence and that appellate counsel's failure to argue the trial court erred in admitting that evidence had "no bearing on whether or not the gang evidence would have come in, in the first place."

Counsel for Garcia next asked the court to strike the jury's finding Garcia committed the attempted murder willfully, deliberately, and with premeditation. Counsel for Garcia argued the jury's true finding on the allegation Garcia committed the attempted murder willfully, deliberately, and with premeditation "has to have been based on the gang information." The court stated it was "not inclined" to strike the allegation because the gang evidence "would have been admissible anyway."

The superior court vacated Garcia's sentence. On the conviction for attempted willful, deliberate, and premeditated murder, the court imposed a term of life, with a minimum parole eligibility of seven years, doubled under the three strikes law to 14 years, plus the middle term of four years on the firearm enhancement under section 12022.5, subdivision (a). The court struck the enhancements under section 12022.53, subdivisions (b) through (d), and imposed and stayed execution of the enhancement under section 12022.7, subdivision (a). On the conviction for possession of a firearm by a felon, the court imposed the middle term of two years, doubled to four years under the three strikes law, to be served concurrently with the sentence on the attempted murder conviction. On the conviction for assault with a firearm, the court imposed the middle term of six years, doubled under the three strikes law, plus four years for the firearm enhancement under section 12022.5, subdivision (a), and three years for the great bodily injury enhancement under section 12022.7, subdivision (a), also to be served concurrently with the sentence on the attempted murder conviction. Garcia timely appealed.

**DISCUSSION**

Garcia argues the superior court abused its discretion "when it admitted the gang evidence notwithstanding the dismissal of the gang enhancement allegations." It's not entirely clear why Garcia is challenging the admission of evidence at the hearing on his habeas petition; the superior court did not admit any gang evidence at that hearing. Garcia appears to be arguing that we should "reverse the judgment" because the gang evidence had a "prejudicial impact" on the jury and that the superior court erred in denying his request to vacate his attempted murder conviction. Garcia also argues the court abused its discretion "when it refused to strike the premeditation and deliberation allegation." Neither contention (nor any of them) has merit.

A. *The Superior Court Did Not Err in Denying Garcia's Request To Vacate His Attempted Murder Conviction*

1. *Garcia Was Not Entitled to Habeas Relief on a Claim Not Alleged in His Petition*

"A habeas corpus petition is a collateral attack on a presumptively valid judgment, thus '"the petitioner bears a heavy burden initially to *plead* sufficient grounds for relief, and then later to *prove* them."'" (*In re Lewis* (2018) 4 Cal.5th 1185, 1191; see *People v. Duvall* (1995) 9 Cal.4th 464, 474; *In re Sims* (2021) 67 Cal.App.5th 762, 774-775.) "The issues in a habeas corpus proceeding are defined by the pleadings and 'may not extend beyond the claims alleged in the habeas corpus petition.'" (*In re Kavanaugh* (2021) 61 Cal.App.5th 320, 342; see *Duvall*, at p. 475.) "'When an order to show cause does issue, it is limited to

11

the claims raised in the petition and the factual bases for those claims alleged in the petition.  It directs the respondent to address only those issues.  While the traverse may allege additional facts in support of the claim on which an order to show cause has issued, attempts to introduce additional claims or wholly different factual bases for those claims in a traverse do not expand the scope of the proceeding which is limited to the claims which the court initially determined stated a prima facie case for relief.'"  (*In re Reno* (2012) 55 Cal.4th 428, 458, fn. 15, italics omitted.)

Garcia's petition alleged eight claims for relief.  None of the claims asked the superior court to overturn his conviction for attempted murder on the ground the trial court erred in admitting evidence about Garcia's membership in a gang.  As the superior court correctly observed, Garcia did not allege this claim in his petition.  Indeed, Garcia did not raise this issue until well over two years after he filed his petition, in a memorandum of points and authorities on the admissibility of the gang expert's testimony.  In that brief Garcia argued for the first time Assembly Bill No. 333, which added section 1109, applied to him.  Garcia, however, did not file a supplemental petition or ask for permission to file one.  The court did not err in denying Garcia relief on a claim he did not assert.  (See *In re Stevenson* (2013) 213 Cal.App.4th 841, 856 ['"To bring additional claims before the court, petitioner must obtain leave to file a supplemental petition for writ of habeas corpus."']; *Board of Prison Terms v. Superior Court* (2005) 130 Cal.App.4th 1212, 1237 ["Only those claims raised in the original habeas corpus petition or in a supplemental habeas corpus petition may be considered by the court."].)  And although the superior court considered Garcia's argument the

gang evidence may have prejudiced the jury, the court did not have jurisdiction to grant relief on such a claim. (See *In re Kavanaugh*, *supra*, 61 Cal.App.5th at p. 342 ["a court exceeds its authority when it 'issue[s] an order to show cause that requires the respondent to address new claims not expressly or implicitly raised in the original habeas corpus petition or supported by the factual allegations in the original habeas corpus petition, unless those claims were raised . . . in a supplemental or amended habeas corpus petition filed with the permission of the court'"].)[5]

2.      *Garcia's Argument Section 1109 Applies Retroactively to Him Is Forfeited and Meritless*

Garcia argues for the first time in his reply brief that, "because his sentence was nonfinal," he "was entitled to retroactive application of section 186.22's substantive amendments at resentencing." Garcia forfeited this argument. (See *People v. Coleman* (2024) 98 Cal.App.5th 709, 724 [courts do not consider a defendant's argument raised for the first time on reply]; *People v. Taylor* (2019) 43 Cal.App.5th 390, 400, fn. 4 ["'[w]e do not consider an argument first raised in a reply brief, absent a showing why the argument could not have been made earlier'"].)[6] Moreover, Garcia did not argue at the hearing on his

---

[5]      And even if Garcia had raised this claim in his habeas petition, an order denying a request on habeas to vacate a conviction is not appealable. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7; *People v. Hodges* (2023) 92 Cal.App.5th 186, 190; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 976.)

[6]      Garcia cites *People v. Padilla* (2022) 13 Cal.5th 152 in the "Statement of Appealability" section of his opening brief and, later in his brief, cites section 1109 to support his argument the

13

habeas petition that section 1109 required the superior court to vacate his attempted murder conviction, thus doubly forfeiting the issue. (See *People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 772 ["failure to object in the trial court waives the right to assert error on appeal"].)

Finally, even if not forfeited, Garcia's argument lacks merit. The portion of Assembly Bill No. 333 that added section 1109 does not apply retroactively. (*People v. Burgos* (2024) 16 Cal.5th 1, 31.) Garcia was not entitled to a new trial on his attempted murder conviction.

---

gang evidence was prejudicial. However, nowhere in the argument section of his opening brief does he assert section 1109 applied when the superior court resentenced him, nor do any of the subheadings in his opening brief refer to section 1109 or the full resentencing rule. (See *People v. Flores* (2024) 101 Cal.App.5th 438, 451, fn. 3 ["'Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading.'"]; Cal. Rules of Court, rule 8.204(a)(1)(B) [every brief must present "each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority"].)

B. *The Court Did Not Err in Declining To Strike the Finding Garcia Committed Attempted Murder Willfully, Deliberately, and with Premeditation*

1. *The Full Resentencing Rule Did Not Authorize the Superior Court To Vacate the Jury's Finding*

"An attempted murder is premeditated and deliberate if it occurs as the result of preexisting thought and reflection rather than unconsidered or rash impulse." (*People v. Cardenas* (2020) 53 Cal.App.5th 102, 121, internal quotation marks omitted; see *In re Lopez* (2023) 14 Cal.5th 562, 580.) "In general, attempted murder is punishable by imprisonment for a term of five, seven, or nine years. [Citation.] However, if either the defendant or an accomplice formed the intent to kill with premeditation and deliberation, punishment for the attempted murder is increased to life imprisonment with possibility of parole." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654; see § 664, subd. (a).) Section 664, subdivision (a), "does not establish a greater degree of attempted murder but, rather, sets forth a penalty provision prescribing an increased sentence (a greater base term) to be imposed upon a defendant's conviction of attempted murder when the additional specified circumstances are found true by the trier of fact." (*People v. Bright* (1996) 12 Cal.4th 652, 669, disapproved on another ground in *People v. Seel* (2004) 34 Cal.4th 535, 550, fn. 6; see *People v. Favor* (2012) 54 Cal.4th 868, 877; *People v. Serrano* (2024) 100 Cal.App.5th 1324, 1339.)

Garcia argues that, even considering the "irrelevant and extremely prejudicial" gang evidence, "there was still not substantial evidence to support the jury's true finding on

15

deliberation and premeditation." According to Garcia, his resentencing under Senate Bill No. 620 authorized the superior court to "revisit" his "entire sentence," which (Garcia says) included reevaluating the jury's finding he committed attempted murder willfully, deliberately, and with premeditation. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"]; *People v. Walker* (2021) 67 Cal.App.5th 198, 205 ["when a trial court corrects one part of a sentence on remand, it is obligated to address the effect of subsequent events that render other parts of that sentence legally incorrect"].) Garcia attempts to use the full resentencing rule to challenge the validity of the jury's finding he committed attempted murder willfully, deliberately, and with premeditation, an issue he did not raise in his direct appeal or allege in his habeas petition.[7]

---

[7] We assume without deciding the full resentencing rule applies in a resentencing proceeding after a court vacates the defendant's original sentence on habeas. (See *People v. Padilla, supra*, 13 Cal.5th at pp. 158, 163 [where the defendant's judgment "became nonfinal when his sentence was vacated on habeas corpus and the case was returned to the trial court for imposition of a new sentence," the court "had the power to impose any sentence available for his crime"]; but see *People v. Esquivias* (2024) 103 Cal.App.5th 969, 976 ["a trial court is *not* obligated to revisit a defendant's *entire* sentence on habeas corpus review merely because it grants review to revisit a portion of that sentence"], review granted Oct. 2, 2024, S286371.) The Supreme Court in *Esquivias* granted review to decide whether the issuance of an order to show cause to review one aspect of a defendant's

16

Assuming Garcia preserved this argument (see *In re Kavanaugh*, *supra*, 61 Cal.App.5th at p. 342 [issues in a habeas corpus proceeding may not go beyond the claims alleged in the petition]; see also *In re Reno*, *supra*, 55 Cal.4th at p. 506 [failure to raise claims at trial and on appeal forfeits those claims on habeas]; *People v. Senior* (1995) 33 Cal.App.4th 531, 537 ["an unjustified failure to present an issue on appeal will generally preclude its consideration in a postconviction petition for a writ of habeas corpus"]), he has not demonstrated the full resentencing rule applies to his request to have the superior court revisit and reassess whether substantial evidence supported the jury's finding on an alternate penalty provision. "[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant," such as "a decision to stay a sentence," "to impose an upper term instead of a middle term," or "to impose concurrent instead of consecutive sentences." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425; accord, *People v. Jones* (2022) 79 Cal.App.5th 37, 46.) It does not authorize a court to collaterally evaluate whether substantial evidence supported the jury's true finding on an allegation an attempted murder (or murder) was willful, deliberate, and premeditated.

Moreover, the justification for the full resentencing rule is that "'"an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components."'" (*People v. Hubbard* (2018) 27 Cal.App.5th 9, 13.) For this reason, at resentencing "'the trial court is entitled to

---

sentence in a habeas corpus proceeding renders applicable all ameliorative laws taking effect after the defendant's judgment became final.

consider the entire sentencing scheme'" and "may reconsider all sentencing choices.'" (*People v. Trammel* (2023) 97 Cal.App.5th 415, 428, 429.) Whether substantial evidence supported the jury's finding the attempted murder was willful, deliberate, and premeditated is not a sentencing choice, such as deciding whether to strike a firearm enhancement or impose consecutive or concurrent sentences. Once the jury found the allegation true, imposition of a life term was mandatory. (See § 664, subd. (a) ["if the crime attempted is willful, deliberate, and premeditated murder, as defined in Section 189, the person guilty of that attempt shall be punished by imprisonment in the state prison for life with the possibility of parole"]; *Porter v. Superior Court* (2009) 47 Cal.4th 125, 134 ["if the jury finds the attempted murder was willful, deliberate, and premeditated, the defendant must be sentenced to life imprisonment with the possibility of parole"]; *Anthony v. Superior Court* (2010) 188 Cal.App.4th 700, 720 [the sentence for "premeditated attempted murder" is "a mandatory life term"].) Garcia's request at the hearing that the court invalidate the jury's true finding was not a sentencing matter, but a collateral attack on the verdict he could have raised (but did not raise) in his direct appeal.

2. *Garcia Forfeited His Contention Under Section 1385, Subdivision (a)*

In the "standard of review" section of his opening brief, Garcia states: "This Court reviews the decision refusing to dismiss 'a sentencing allegation' under section 1385, subdivision (a), for abuse of discretion." Although again it's not entirely clear, it appears Garcia is arguing the superior court abused its discretion under section 1385, subdivision (a), in

refusing to strike the jury's finding the attempted murder was willful, deliberate, and premeditated.

Section 1385, subdivision (a), provides, "The judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." (See *People v. Fuentes* (2016) 1 Cal.5th 218, 224-225; *People v. Coleman, supra,* 98 Cal.App.5th at p. 724.) "A trial court's discretion to dismiss an 'action' under section 1385(a) encompasses the power to strike or dismiss a sentencing enhancement allegation." (*Fuentes*, at p. 225; see *People v. Burke* (2023) 89 Cal.App.5th 237, 242.) Counsel for Garcia, however, did not ask the superior court to strike the premeditation allegation in the interest of justice or cite section 1385, subdivision (a). Counsel's failure to ask the court to dismiss the premeditation allegation under section 1385, subdivision (a), forfeited (what we think is) Garcia's argument on appeal. (See *People v. Carmony* (2004) 33 Cal.4th 367, 375-376 ["any failure on the part of a defendant to invite the court to dismiss under section 1385 . . . waives or forfeits his or her right to raise the issue on appeal"]; *Coleman*, at p. 724 [same]; see also *People v. Fruits* (2016) 247 Cal.App.4th 188, 208 ["a party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct"].)

## DISPOSITION

The judgment is affirmed.


SEGAL, Acting P. J.

We concur:



FEUER, J.



STONE, J.